**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 29, 2012

No. 11-50430
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO CARMEN QUIROZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-250-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Sergio Carmen Quiroz-Hernandez appeals the six-month term of imprisonment imposed following the revocation of his supervised release. He argues that the sentence, which was within his advisory sentencing guidelines range, is procedurally unreasonable because the district court failed to set forth fact-specific reasons for the sentence that it imposed or its decision to order the revocation sentence to run consecutively to the 48-month sentence imposed for his conviction for illegal reentry.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50430

Quiroz-Hernandez did not object in the district court to the reasonableness of his sentence.  Accordingly, we will review the sentence for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  To prevail on plain-error review, Quiroz-Hernandez must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *See Whitelaw*, 580 F.3d at 260.  If he establishes those factors, the decision to correct the forfeited error is within our sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court's failure to provide reasons for the sentence imposed upon revocation of Quiroz-Martinez's supervised release or its decision to run the revocation sentence consecutively was clear or obvious error. *See Whitelaw*, 580 F.3d at 262.  However, Quiroz-Martinez has not explained how more thorough reasoning would have caused the court to select a lower sentence, i.e., Quiroz-Hernandez has not demonstrated that the district court's failure to explain its sentencing decision would have mandated a change of his within-guidelines sentence.  Accordingly, he has not shown that the error affected his substantial rights. *See id.*; *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

AFFIRMED.

2